*[SEE SIGNATURE PAGE FOR COUNSEL]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM GRECIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC. and ABC, INC. d/b/a WALT DISNEY STUDIOS MOTION PICTURES,<br><br>　　　　　Defendants. | Case No. 3:14-cv-00775-EMC<br><br>**STIPULATION AND [P~~ROPOSE~~D] ODER REGARDING ELECTRONICALLY STORED INFORMATION**<br><br>Hon. Edward M. Chen |

Plaintiff William Grecia and Defendant[1] Apple Inc. hereby agree that the following procedures shall govern discovery of Electronically Stored Information ("ESI") in this case:

1. **Custodian names and search terms to be exchanged.** The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review, and production of electronically stored information. In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents; the development, design, and operation of the accused products; and sales, marketing, and other damages-related information for the accused products). The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians. ESI, including but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate email custodians and produce email on the agreed upon schedule, but reserve the right to seek email from additional email custodians identified through discovery.

2. **Format for production of documents – documents existing in electronic format**. Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

---

[1] Plaintiff and Defendant ABC, Inc. d/b/a Walt Disney Studios Motion Pictures filed a Notice of Settlement in Principle (Dkt. 109) with the Court on July 22, 2014.

      A.    PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

      B.    For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

      C.    **Metadata**. Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

      D.    **Production media and encryption of productions**. Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, or external hard drives, as appropriate. The producing party shall encrypt the production data using TrueCrypt encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, or external drive on which the production data is saved.

3.    **Format for production of documents – hardcopy or paper documents**. All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

4.    **Source code**. This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

5.    **Parent and child emails**. The parties shall produce email attachments sequentially after the parent email.

6.    **Native files**. The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to

requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court.  Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

7.  **Databases**.  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

8.  **Requests for hi-resolution or color documents**.  The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing, or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

9.  **Foreign-language documents**. All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign-language documents that are produced in discovery.

10. **Document preservation**.  The following locations will not be searched under any

circumstances, and as such need not be preserved: information stored on personal digital assistants, mobile phones or devices, voicemail systems, instant messaging systems, and automated disaster recovery backup systems and/or disaster recovery backup tapes. In addition, the parties agree that only sent and received custodial emails will be searched.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 25, 2014          Respectfully Submitted,

| /s/ Stephen C. Jarvis | /s/ Luke L. Dauchot |
|---|---|
| John Mansfield (Bar No. 214848) | Luke L. Dauchot, P.C. (Bar No. 229829) |
| john@mansfieldlaw.net | luke.dauchot@kirkland.com |
| **MansfieldLaw** | KIRKLAND & ELLIS LLP |
| 1001 Bayhill Dr., 2nd Floor | 333 South Hope Street |
| San Bruno, CA 94066 | Los Angeles, California 90071 |
| | Telephone: (213) 680-8400 |
| —AND— | Facsimile: (213) 680-8500 |
| Matthew M. Wawrzyn (*Pro Hac Vice*) | Joel R. Merkin (*pro hac vice*) |
| Stephen C. Jarvis (*Pro Hac Vice*) | joel.merkin@kirkland.com |
| **WAWRZYN LLC** | KIRKLAND & ELLIS LLP |
| 233 S. Wacker Dr., 84th Floor | 300 North LaSalle Street |
| Chicago, IL 60606 | Chicago, Illinois 60654 |
| (312) 283-8330 | Telephone: (312) 862-2000 |
| matt@wawrzynlaw.com | Facsimile: (312) 862-2200 |
| stephen@wawrzynlaw.com | |
| | *Attorneys for Defendant Apple Inc.* |
| *Attorneys for Plaintiff William Grecia* | |

**SO ORDERED.**

Dated:   7 / 28  , 2014

IT IS SO ORDERED
Judge Edward M. Chen

Hon. Edward M. Chen
United States District Judge

**EXHIBIT A**

Table of Metadata Fields:

BegAttach

BegBates

CustodianID

Date

EndAttach

EndBates