United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRECIA, | No. C-14-1220 EMC |
| Plaintiff, | Lead Case No. C-14-0775 EMC |
| v. | **ORDER GRANTING DEFENDANTS VUDU, INC., AND DIGITAL ENTERTAINMENT CONTENT ECOSYSTEM (DECE) LLC's MOTIONS TO DISMISS** |
| VUDU, INC. and Digital Entertainment Content Ecosystem (DECE) LLC, | |
| Defendants. _____/ | **(Docket Nos. 18, 43)** |

Pending before the Court are Defendant VUDU, Inc. ("VUDU"), and Defendant Digital Entertainment Content Ecosystem (DECE), LLC ("DECE") motions to dismiss Plaintiff William Grecia's ("Plaintiff") complaint. *See* Docket Nos. 18, 43. On August 22, 2014, this Court granted Plaintiff's administrative motion to relate *Grecia v. VUDU, Inc, et al.,* C14-1220-JD with lead case *Grecia v. Apple, et al.*, C14-0775-EMC. *See* Docket 59. This Court granted the motion to relate after the prior judge had heard Defendant DECE's motion to dismiss and took the matter under submission. *See* Docket 52. The prior judge had not yet heard Defendant VUDU's motion to dismiss. Having considered the parties' briefs, accompanying submissions, and transcript of the hearing on Defendant DECE's motion to dismiss before the prior judge, the Court finds this matter is appropriate for resolution without argument and hereby **VACATES** the hearing pursuant to Civil Local Rule 7-1(b).

The Court hereby **GRANTS** Defendants' motions to dismiss Plaintiff's complaint with leave to amend.

## I. FACTUAL & PROCEDURAL BACKGROUND

In the complaint, Plaintiff alleges as follows. *See* Docket No. 1.

Plaintiff owns United States Patent 8,533,860 ("'806 Patent") and at least one continuing application claiming back to the original priority date of March 21, 2010. Complaint ¶ 8. Plaintiff invented the methods and products claimed in the '860 Patent. *Id.* Defendant VUDU is a corporation organized under the laws of Delaware, with a principal place of business located in Santa Clara, California. *Id.* ¶ 2. Defendant DECE is a company organized under the laws of Delaware, with its principal place of business located in Pleasanton, California. *Id.* ¶ 3.

The '860 Patent is in the field of invention referred to as digital rights management. ("DRM"). *Id.* ¶ 9. DRM concerns technology that supports copyright owners who want to sell their content in a digital form – such as books, movies, and music – and transfer ownership to the buyer, while also protecting the value by preventing the illicit copying of the content. *Id.* Prior DRM technologies locked the purchased content to specific devices and, in some cases, limited playback rights to a single device that a client had to continually re-authorize. *Id.* ¶ 10. Plaintiff's '860 Patent allows the digital content to be accessed on a number of devices, while still protecting copyright owners against unlicensed use. *Id.* ¶ 11.

Plaintiff alleges that VUDU and DECE, pursuant to a contractual or agency relationship, have and are directly infringing on the '860 Patent. *Id.* ¶ 14. According to Plaintiff, VUDU and DECE make, use, sell, and offer for sale methods, equipment, and services that practice claims 1, 2, 3, 4, 5, 9, and 10 of the '860 Patent. *Id.* For example, Plaintiff alleges that VUDU and DECE's cloud computing service directly infringes on claim 1 in the following ways. *Id.* ¶ 15. VUDU and DECE "practice a method of authorizing access to digital content–such as movies–using a cloud computing system" (*id.* ¶ 16) and "facilitate access rights to movies between a plurality of devices" (*id.* ¶ 17). "VUDU receives a content access request from the user's device when the user requests access to her digital content by requesting that VUDU write her email address and password to metadata of the digital content." *Id.* ¶ 18. Then, "[a]fter the VUDU user's verification token has been authenticated, VUDU establishes a connection between the user's device and DECE's UltraViolet web services by presenting the UltraViolet login screen using UltraViolet's coordinator

Application Programmable Interface." *Id.* ¶ 19. Last, VUDU and DECE "request an identification reference . . . from the communications console" (*id.* ¶ 20), "receive[ ] an identification reference" (*id.* ¶ 21), and "write, among other things, the user's VUDU verification token or the DECE identification reference into the metadata associated with the digital content, authorizing the user to her digital content." (*id.* ¶ 22). Plaintiff alleges that VUDU and DECE had prior knowledge of the '860 Patent, because DECE, or individual acting on DECE's behalf, disclosed the '860 Patent to the United States Patent and Trademark Office as relevant prior art in case 13/436,567. *Id.* ¶ 23.

This Court related the following cases pursuant to Civil Local Rule 3-12: (1) *Grecia v. Apple and ABC, Inc., dba Walt Disney Studies Motion Pictures,* C-14-0775-EMC, (2) *Grecia v. Sony Network Entertainment International, LLC*, C-14-0969, (3) *Grecia v. Google Inc*., C-14-1194, and (4) *Grecia v. VUDU, et al.,* C-14-1220. *See* Dockets No. 70, 71, and 127.

Currently before the Court are two motions to dismiss that were pending when this Court related the case *Grecia v. VUDU, et al.* on August 22, 2014. *See* Docket No. 18, 43. The prior judge held a hearing on Defendant DECE's motion to dismiss (*see* Docket No. 18) on August 11, 2014 and took the matter under submission. *See* Docket No. 52. The prior judge had not yet heard arguments on Defendant VUDU's motion to dismiss at the time the cases were related. However, Plaintiff failed to respond to Defendant VUDU's motion to dismiss by August 15, 2014. In Plaintiff's opposition to Defendant VUDU's request to continue a case management conference, Plaintiff requested the prior judge hear both Defendant DECE and VUDU's motions to dismiss on August 11, 2014, stating that ". . . DECE and VUDU's motions to dismiss are nearly identical" and Plaintiff "would stand on his opposition to the DECE motion and could address any new matter that VUDU raises in its motion at oral argument scheduled for August 11, 2014." Pl. Opposition to VUDU's Request to Continue the Case Management Conference at 2, Docket No. 45. The prior judge denied the motion to reschedule, but declined to hear arguments on Defendant VUDU's motion to dismiss on August 11, 2014. *See* Transcript of Proceeding at 2:24-3:1, Docket No. 58. No order was entered on either motion to dismiss. Accordingly, both Defendant DECE and Defendant VUDU's motions to dismiss are still currently pending before this Court.

3

### III.   DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows for dismissal based on a failure to state a claim for relief. Rule 8(a)(2) governs pleading requirements, stating that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss based on the rule challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In considering a 12(b)(6) motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 556. "[N]aked assertions devoid of further factual enhancement" are insufficient to state a plausible claim for relief. *Blantz v. Cal. Dep't of Corr. & Rehab*, 727 F.3d 917, 926-27 (9th Cir. 2013). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

The Federal Circuit has held that whether a complaint has "adequately plead direct infringement is to be measured by the specificity required by Form 18." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (citing Appendix of Forms to the Federal Rules of Civil Procedure, Form 18); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). However, "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement[,]" which should be measured according to *Twombly* and *Iqbal*. *In re Bill of Lading*, 681 F.3d at 1336.

B.     Count One: Direct Patent Infringement Against Both VUDU and DECE

Plaintiff alleges in Count One that "VUDU and DECE, pursuant to a contractual or agency relationship, have and are directly infringing claims of the '860 patent. Vudu and DECE make, use, sell, and offer for sale methods, equipment, and services that practice claims 1, 2, 3, 4, 5, 9, and 10 of the '860 patent." Complaint ¶ 14.

Recently, the United State Supreme Court held that ". . . a method patent is not directly infringed – and the patentee's interest is thus not violated – unless a single actor can be held responsible for the performance of all steps of the patent." *Limelight Networks, Inc. v. Akamai Technologies, Inc*., 134 S. Ct. 2111, 2119 (2014). The Supreme Court interpreted the Federal Circuit's *Muniauction, Inc. v. Thomson Corp* decision to hold "that a method's steps have not all been performed as claimed by the patent unless they are all attributable to the same defendant, either because the defendant actually performed those steps or because he directed or controlled others who performed them." *Id.* (citing *Muniauction, Inc. v. Thomson Corp*., 532 F.3d 1318 (Fed. Cir. 2008)). In *Muniauction*, the Federal Circuit found "where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" 532 F.3d at 1329 (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1377 (Fed. Cir. 2007)). "The control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Muniauction*, 532 F.3d at 1330.

The complaint does not explicitly state whether Plaintiff alleges that Defendants infringed independently or jointly on the '860 Patent. The Court assumes, however, that because Plaintiff alleges that Defendants acted "pursuant to a contractual or agency relationship" (Complaint ¶ 14) and identifies both Defendants as performing different steps of the claimed method (*see e.g. id.* ¶ 19 ("After the VUDU user's verification token has been authenticated, VUDU establishes a connection between the user's device and DECE's Ultraviolet web services . . .")), Plaintiff relies on a theory of joint infringement. Based on the allegations contained in the complaint, Plaintiff's claim for joint

infringement fails to allege sufficient facts that the infringement is attributable to a single defendant as required by *Limelight Networks*. Plaintiff does not allege whether it is VUDU or DECE that directs or controls the entire process, *i.e.,* acts as the mastermind.

Courts have routinely dismissed complaints that fail to identify a single mastermind, or that lack allegations that a single defendant directed or controlled the entire process. *See e.g. Nu Flow Technologies (2000) Inc. v. A.O. Reed & Co.*, 13-CV-1818 BEN JMA, 2014 WL 1400127 *3 (S.D. Cal. Apr. 8, 2014) (pursuant to *Twombly* and *Iqbal*, court found plaintiff failed "to adequately allege that one defendant exerted control and direction over the other defendants"); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534 (D. Del. 2011) (court dismissed the joint infringement claim because plaintiff failed "to identify any defendant as exercising 'control or direction' over the allegedly infringing acts of other parties"); *Desenberg v. Google, Inc.*, 392 F. App'x 868, 870-71 (Fed. Cir. 2010) (affirming dismissal where district court found defendant had not performed all steps of a claim itself and plaintiff failed to allege that defendant had exercised direction or control over the multiple actors). While Plaintiff did indicate at the hearing before the prior court that he could plead in good faith that "on information and belief VUDU would appear to be the mastermind," Plaintiff makes no such allegation in the complaint. *See* Transcript of Proceedings at 6:3-5 (Plaintiff stated "[a]s we explained in our opposition, we can plead in good faith that . . . on information and belief VUDU would appear to be the mastermind"), Docket No. 58. The Court is confined to the pleadings in ruling on a motion to dismiss.

Accordingly, the Court grants the motions to dismiss the claim for direct infringement against both Defendant DECE and Defendant VUDU with leave to amend.

C.   <u>Count Two: Indirect Patent Infringement by DECE</u>

Plaintiff asserts a claim against DECE only for indirect patent infringement alleging that "DECE has knowledge of the '860 patent and nonetheless actively induces at least the following entities to directly infringe the '860 patent: VUDU, Target Corporations, Sony Pictures Entertainment Inc., [et al.] . . ." Complaint ¶ 24.

In *Limelight Networks*, the Supreme Court confirmed that "where there has been no direct infringement, there can be no inducement of infringement under § 271(b)." *Limelight Networks*, 134

S.Ct. at 2117. Plaintiff concedes that the second claim for inducement rises and falls with the first claim for direct infringement, stating in opposition that "inducement liability may arise only if there is a direct infringement." Opposition at 9, Docket No. 34. Plaintiff's claim for inducement cannot be sustained without an adequate showing of direct infringement.

Accordingly, the Court grants Defendant DECE's motion to dismiss the claim for inducement with leave to amend.

### IV. CONCLUSION

The Court hereby **GRANTS** the motions to dismiss Plaintiff's claims for direct infringement against Defendants DECE and VUDU (Count One) and inducement against Defendant DECE (Count Two). The Court grants the motion with leave to amend.

A Status Conference is scheduled for December 11, 2014 at 10:30 a.m. A Joint Status Conference Statement shall be filed by December 4, 2014.

This disposes of Docket Nos. 18 and 43.

IT IS SO ORDERED.

Dated: August 29, 2014

_____
EDWARD M. CHEN
United States District Judge