UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRECIA, | Lead Case No. C-14-0775 EMC |
| Plaintiff, | **CONSOLIDATED CASES** |
| v. | No. C-14-0969 EMC, *Grecia v. Sony Network* |
| APPLE INC., *et al.*, | No. C-14-1220 EMC, *Grecia v. VUDU, Inc.* |
| Defendants | **ORDER DENYING DEFENDANT SONY'S MOTION TO STRIKE OR TO COMPEL FURTHER INFRINGEMENT CONTENTIONS**<br><br>**(Docket No. 149)** |

Pending before the Court is Defendant Sony Network Entertainment International LLC's ("Sony's") Motion to Strike Or Compel Further Infringement Contentions ("Motion"). Docket No. 149.

## I. BACKGROUND

William Grecia ("Grecia") has alleged that Sony infringes his patent. The patent-in-suit is U.S. Patent No. 8,533,860 ("'860 patent"), entitled "Personalized Digital Media Access System-PDMAS Part II." The '860 patent teaches a method of digital rights management.[1] Sony previously

---

[1] For the unfamiliar reader, the relevant factual and procedural background and legal standard are laid out in more detail in the Court's prior order on Sony's motion to compel infringement contentions. Docket No. 140.

1  moved to compel Grecia to amend his infringement contentions. Docket No. 121. The Court
2  granted in part and denied in part Sony's motion to compel. Docket No. 140. In particular, the
3  Court directed Grecia to amend his infringement contentions to show "*what* he claims is the
4  metadata of the digital content and *how* any read or write request is made." *Id.* at 4 (emphasis in
5  original).[2]

6  In the pending motion, Sony complains that Grecia's infringement contentions, as amended,
7  are again deficient. Sony argues that Grecia's infringement contentions do not identify sufficiently
8  *where* the metadata of the digital content is. Sony contends that the Court should either strike
9  Grecia's amended infringement contentions as to the "metadata of the digital content" or,
10 alternatively, compel Grecia to amend his infringement contentions to include the following
11 statements:

> Grecia does not contend that any metadata of the digital content is contained in the same file as the digital content itself. Grecia does not contend that SEN reads any metadata contained within digital content files. Grecia does not contend that SEN writes to any metadata within digital content files. . . . Grecia does not contend that the verification token or the identification reference is written into any metadata contained within digital content files.

Docket No. 149-4 at 2-3.

For the reasons discussed herein, the Court **DENIES** Sony's Motion. Grecia has responded to the Court's concerns in his amended infringement contentions. The amended infringement contentions identify Grecia's theory as to where and how the accused web service makes access requests, *i.e.,* read or write requests of the metadata of the digital content.[3] Grecia has complied with the Court's prior order. As amended, Grecia's infringement contentions meet the baseline specificity required under Rule 3-1.

---

[2] The following is representative claim language from Claim 1 of the '860 patent: "receiving a digital content access request from at least one communications console of the plurality of data processing devices, the access request being a read or write request of metadata of the digital content, wherein the read or write request of metadata is performed in connection with a combination of at least one device and the cloud system . . . ."

[3] In its prior order, the Court ordered Grecia to amend his contentions to show that the limitations are met as to all accused services / devices or to show that a particular service / device is representative. Sony does not raise any objection in its motion to the absence of screenshots from Bravia HDTV or PS3 as to certain claim limitations. The Court therefore will not address that issue in this order.

2

## II. DISCUSSION

### A. Legal Standard

As discussed in the Court's prior order on Sony's motion to compel, Patent Local Rule 3-1 requires the party claiming infringement to serve a "Disclosure of Asserted Claims and Infringement Contentions." Rule 3-1 requires, among other things, "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation . . . the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." Patent L.R. 3-1(c). Rule 3-1 is a "discovery device" that streamlines discovery in patent litigation by supplanting contention interrogatories. *Bender v. Freescale Semiconductor, Inc.,* No. C 09-1156 PJH MEJ, 2010 WL 1689465 at *2 (N.D. Cal. Apr. 26, 2010). Under Rule 3-1, the infringement contentions must be sufficiently specific to "provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement." *Shared Memory Graphics LLC v. Apple, Inc.,* 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010).[4]

As to the amended infringement contentions at issue in the instant Motion, the Court finds that Grecia has complied with the Court's prior order. First, Grecia has defined *what* he contends the metadata of the digital content is. Grecia's amended infringement contentions set forth that metadata means "a collection of data (such as a database on SNEI's servers or on the user's device) that contains information about . . . which pieces of content the user is authorized to access." Docket No. 146-1 at 3. Grecia further defines the form of the metadata, *i.e.,* that it exists in a metadata database. Specifically, Grecia contends that Sony "writes to the metadata" under claim 1 of the '860 patent by "updating the metadata database to reflect what the user is authorized to access." *Id.*

---

[4] In its Motion, Sony repeatedly cites a later decision in *Shared Memory* in which the magistrate judge struck portions of the infringement contentions that did not comply with a prior order to amend. *See Shared Memory Graphics LLC v. Apple Inc.,* No. C-10-02475 MMC JSC, 2011 WL 3878388, at *1 (N.D. Cal. Sept. 2, 2011). The Court observes that the portion of the order to which Sony cites was objected to by Shared Memory, and Judge Chesney granted *de novo* review. *Shared Memory Graphics, LLC v. Apple Inc.,* No. C 10-2475 MMC, 2011 WL 5320749, at *4 (N.D. Cal. Nov. 2, 2011). It appears the case resolved before Judge Chesney ruled on her *de novo* review.

Second, Grecia has mapped *where* in the accused system Sony allegedly practices the infringing steps of reading from and writing into the metadata. Grecia has presented exemplar screenshots of graphical user interfaces from the PS4 device showing the metadata allegedly being written to and read from the user's device and Sony's servers. Docket No. 146-1 at 3-6. Grecia's identification of specific locations in the accused system where he alleges the steps of the patented method are practiced gives Sony sufficient notice to which Sony can respond and defend. *See Shared Memory Graphics,* 812 F. Supp. 2d at 1025.

Third, Grecia has spelled out *how* the read and write requests are made. Grecia has provided screenshots with detailed labels showing how the system prompts read or write request and showing screenshots of system confirmations that those requests were made. Docket No. 146-1 at 3-6.

The Court finds these amended disclosures to be adequate. The Court does not find anything in the local rules or in the case law that suggests that a plaintiff patentee bears the burden of identifying what the accused instrumentality does *not* do, as Sony requests. Moreover, Sony's proposed amendment clearly anticipates claim construction and reflects its theory of defense. It seems that Sony intends to propose a construction of the claim language that would exclude metadata in a database, per Sony's belief in the "plain language" construction of the claim language. *See* Docket No. 149 at 6. Teeing up such arguments on the merits is "precisely what [infringement contentions] are designed to accomplish." *Shared Memory Graphics,* 812 F. Supp. 2d at 1025. The infringement contentions here meet the requisite specificity under Rule 3-1, because they achieve that objective. *See id.*

The parties' papers and the attached meet and confer correspondence indicate that this motion practice resulted from Sony's misreading of the Court's prior order in at least two respects.

The Court stated in its prior order that Grecia's clarifications in his opposition to Sony's prior motion to compel did not "cure the deficiency in his infringement contentions," because the infringement contentions themselves must provide the factual basis of the alleged infringement, and not, as Sony suggests in its correspondence, because the proposed clarifications were insufficient. *See* Docket No. 140 at 4 (citing *Droplets, Inc. v. Amazon.com, Inc.,* No. C12-03733 HRL, 2013 WL 1563256, at *3 (N.D. Cal. Apr. 12, 2013)); *see also* Kolassa Decl., Ex. A at 2. As a result, the Court

specifically directed Grecia to "clarify the language in the infringement contentions, with 'the type of guidance provided in [Grecia's] Opposition.'" *Id.* Upon review of Grecia's amended contentions, it appears that Grecia has now provided that guidance in his amendment. Grecia has defined the metadata of the digital content and has mapped how the accused instrumentalities read on the metadata claim limitations.

Sony's second misunderstanding relates to the scope of the amendments contemplated by the Court's previous order. The Court specifically anticipated modest amendments in its prior order. The Court largely overruled Sony's objections and observed that Sony's "arguments on the merits tend to show that Sony has begun to crystallize its defenses to Grecia's theory of infringement[;] [t]hus, the Court views the limited amendments discussed herein as enough to allow the case to proceed." Docket No. 140 at 5. Grecia has now made the limited amendments necessary to provide notice of his claims. Accordingly, the case should proceed.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Sony's Motion. The amended infringement contentions provide adequate notice of Grecia's theory of infringement and have mapped the what, where, and how of each claim limitation. The amended infringement contentions have undoubtedly focused the parties on the critical disputed claim terms and have adequately served their intended discovery function.

This order disposes of Docket No. 149.

IT IS SO ORDERED.

Dated: January 5, 2015

_____
EDWARD M. CHEN
United States District Judge

Case 3:14-cv-00775-EMC   Document 166   Filed 01/05/15   Page 6 of 6